Joseph E. HARDING, Petitioner,

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 01–3071.

United States Court of Appeals, Federal Circuit.

DECIDED: July 12, 2001.

Before MAYER, Chief Judge, LOURIE and RADER, Circuit Judges.

PER CURIAM.

Joseph E. Harding seeks review of the June 15, 2000, decision of the Merit Systems Protection Board ("the board"), Docket No. DA0752000212–I–1, 86 M.S.P.R. 690, sustaining the Department of the Army's removal of Harding from his position as Unit Administrator for failure to maintain a continuing membership in a

United States Army Reserve Troop Program Unit. The initial decision of the administrative judge became final on September 21, 2000, when the board denied Harding's petition for review. We *affirm.*

We may only set aside a decision of the board when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

■■■■ Harding argues on appeal that 10 U.S.C. § 10218, enacted on October 5, 1999, does not permit his removal. This argument is without merit because there is no indication that Congress intended the statute to apply retroactively. Harding lost his dual status on August 7, 1999, before enactment of the statute. He also disputes the underlying charges of misconduct. However, military decisions related to the loss of dual status by an employee are not reviewable in an appeal of the removal action. *Jeffries v. Dep't of the Air Force,* 999 F.2d 529, 532 (Fed.Cir.1993).

■■■ Harding also challenges his requirement to maintain membership in the reserves for lack of notice. Substantial evidence supports the board's finding that he was aware of his dual status requirement. Harding's Standard Form 50 Notification of Personnel Action provided notice of his continuing obligation to the reserves. Further, he executed a statement of understanding on January 30, 1985, in which he acknowledged his conditional employment status.

Harding presents an amended Notification of Personnel Action that reflects an adjustment of his hire date from February 19, 1985, to February 19, 1983. Subparagraphs 8d(1) and (2) of Army Regulation ("AR") 140–315, "Employment and Utiliza-tion of U.S. Army Reserve Military Technicians," distinguish between individuals appointed on or before, and after December 8, 1983:

(1) *Individuals appointed on or before 8 December 1983,* Military technicians are required as a condition of employment to maintain USAR unit membership. Loss of membership *for reasons within your control* constitutes failure to meet this condition of employment.

(2) *Individuals appointed after 8 December 1983,* "Military technicians are required as a condition of employment to maintain continuing membership in the USAR unit in which employed or if employed in other than a TPU, be a member of any element of the USAR Selected Reserve. Failure to meet this military obligation constitutes failure to meet this condition of employment" (1985 Appropriations Act).

AR 140–315 ¶ 8d (emphasis added). While this document was not available for review by the board, we need not address the issue because the board determined that Harding lost his military reserve status due to unsatisfactory military performance or conduct. As defined by AR 140–315 ¶ 8(e)(1)(e), "unsatisfactory military performance or conduct is … within the technician's control." Loss of reserve status for reasons within the technician's control constitutes a failure to meet the dual status requirement of employment. *Id.* ¶ 8(d)(1). Therefore, Harding is not exempt from the dual status requirement.